# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MORGAN OTTMANN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 18-cv-136 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| ALLIED INTERNATIONAL CREDIT CORP., (US), | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Morgan Ottmann is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Defendant Allied International Credit Corp., (US) ("AICC") is a foreign corporation with its principal place of business located at 2222-2228 West Northern Ave., Suite B202, Phoenix, Arizona 85021.

6. AICC does substantial business in Wisconsin and maintains a registered agent for service of process at Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

7. AICC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. AICC is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. AICC is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

10. On or about August 29, 2017, AICC mailed Plaintiff a debt collection letter regarding an alleged debt. A copy of this letter is attached to this Complaint as Exhibit A.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by AICC to attempt to collect alleged debts.

13. Upon information and belief, Exhibit A is the first written communication that AICC sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

14. Exhibit A states the following:

```
REFERENCE NUMBER    3788332
FOR                 EBAY
ACCOUNT NUMBER      184******
CURRENT AMOUNT DUE  $92.19
```

2

15. <u>Exhibit A</u> also states:

> The above referenced account has been referred to our office for collection. Our client's previous attempts to resolve this debt have proven unsuccessful.

16. <u>Exhibit A</u> fails to clearly identify "the name of the creditor to whom the debt is owed."

17. The Seventh Circuit has held that a debt collector's failure to clearly state the identity of the creditor in an initial collection letter violates 15 U.S.C. § 1692g as a matter of law. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324-25 (7th Cir. 2016):

> In enacting § 1692g(a)(2), Congress determined that a debt collector must include in its § 1692g(a) notice "the name of the creditor to whom the debt is owed." With that specific disclosure requirement, Congress decided that the failure to make the disclosure is a failure the Act is meant to penalize. The undisputed facts show such a failure here. Since § 1692g(a)(2) clearly requires the disclosure, we decline to offer debt collectors a free pass to violate that provision on the theory that the disclosure Congress required is not important enough. There is also no need for individual inquiry about the materiality to any given recipient.

(internal citations omitted).

18. Like the letter in *Janetos*, AICC's letter does not state anywhere who the owner of the debt is. *Id.* ("Nowhere did the letter say that Asset Acceptance currently owned the debts in question.").

19. AICC's letter also does not state who "our client" (*i.e.* AICC's client) is.

20. "EBAY" is the only other entity listed on <u>Exhibit A</u>, but <u>Exhibit A</u> only says "FOR         EBAY" (spacing in original).

21. Upon information and belief, "EBAY" means the online auction and commerce website, eBay.com. https://www.ebay.com/ (hereinafter, "eBay").

22. Nothing in <u>Exhibit A</u> clearly states that AICC represents that eBay is the "creditor to whom the debt is owed."

3

23. Upon information and belief and the investigation of counsel, eBay is *not* the "creditor to whom the debt is owed."

24. Upon information and belief, eBay does not extend credit at all. Over its history, eBay acquired two online payment systems – "PayPal" in 2002 and "Bill Me Later" in 2008. Those two systems were combined – Bill Me Later is now "PayPal Credit" – and spun off into a separate company in 2015. *See* https://www.ebayinc.com/our-company/our-history/.

25. PayPal Credit is a line of consumer credit offered by Comenity Capital Bank. https://www.paypal.com/us/webapps/mpp/paypal-credit/faq.

26. eBay also offers "branded" credit cards, none of which involve extensions of consumer credit by eBay. Synchrony Bank issues eBay-branded and PayPal-branded MasterCard credit cards. *See* https://www.paypal.com/us/selfhelp/article/what-kind-of-paypal-credit-cards-does-paypal-offer-faq3356.

27. As in *Janetos*, the recipient of Exhibit A is left to wonder who the actual creditor is. 825 F.3d at 324-25.

28. Exhibit A is also false, deceptive, misleading, and confusing to the unsophisticated consumer. Such conduct violates 15 U.S.C. § 1692e(2)(a), which prohibits false or misleading statements of "the character, amount, or legal status of any debt."

29. Plaintiff was confused by Exhibit A.

30. The unsophisticated consumer would be confused by Exhibit A.

### *The FDCPA*

31. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff

4

who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to

5

encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

32. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

33. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

35. 15 U.S.C. § 1692g states:

a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— …

(2) the name of the creditor to whom the debt is owed;

6

## COUNT I – FDCPA

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37. Defendant failed to clearly identify the name of the creditor to whom the debt is owed in an initial debt collection letter. *Janetos*, 825 F.3d at 324-25.

38. Defendant failed to identify the name of the creditor to whom the debt is owed in an initial debt collection letter. Whoever the creditor is, it is not eBay.

39. The unsophisticated consumer would be confused as to whom she owes the alleged debt.

40. Defendant violated 15 U.S.C. §§ 1692g and 1692e(2)(A).

## CLASS ALLEGATIONS

41. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent an initial collection letter in the form represented by Exhibit A to the complaint in this action, (c) stating that the letter was "FOR" … "EBAY," (d) which debt was incurred for personal, family, or household purposes (e) between January 26, 2017 and January 26, 2018, inclusive, (f) that was not returned by the postal service.

42. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

43. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Defendant violated the FDCPA and the WCA.

44. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

7

45. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

46. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

47. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 26, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com